IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **MARKEL SERVICE INCORPORATED** as subrogee of **HOUSTON HEALTHCARE SYSTEM, INC.,** | ) ) ) ) | |
| **Plaintiff,** | ) ) | |
| v. | ) ) | CIVIL ACTION NO. 5:25-cv-140 (MTT) |
| **UNITED STATES OF AMERICA,** | ) ) ) | |
| **Defendant.** | ) ) ) | |

## ORDER

Plaintiff Markel Service Incorporated, as subrogee of Houston Healthcare System, Inc., filed this action under the Federal Tort Claims Act against the United States on April 7, 2025.  Doc. 1.  On April 18 and April 21, 2025, the Court issued notices of deficiency due to the plaintiff's failure to file a Corporate Disclosure Statement pursuant to Local Rule 87.1.  Nothing was filed.  Thus, on April 30, 2025, the Court ordered the plaintiff to file, by May 12, 2025, a Corporate Disclosure Statement which includes the subrogor Houston Healthcare System.  Doc. 4.  The Order warned the plaintiff that failure to fully and timely comply with the Court's Order and instructions could result in the dismissal of this action.  *Id.*  The time for compliance has passed without a response from the plaintiff.  As previously warned, the failure to comply with the Court's Order and instructions is grounds for dismissing this case.  *See* Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.") (citing *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570

F.2d 541, 544 (5th Cir. 1978)[1]).  Accordingly, this action is hereby **DISMISSED** without prejudice.[2]

    **SO ORDERED**, this 27th day of May, 2025.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[1] The Eleventh Circuit has adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.  *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

[2] Dismissal without prejudice is generally appropriate under Rule 41(b) where a plaintiff has failed to comply with a court order, "'especially where the litigant has been forewarned.'" *Owens v. Pinellas Cnty. Sheriff's Dep't*, 331 F. App'x 654, 655 (11th Cir. 2009) (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)).